UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. THALER, <br>      Plaintiff, <br> <br>      v. <br> <br> BRITTANY RAE THALER, et al., <br>      Defendants. | CV 21-2892 DSF (ASx) <br> <br> Order to Show Cause Why Case Should not be Dismissed or Transferred to District of Arizona for Lack of Venue |

    Plaintiff John H. Thaler has filed this suit against 23 defendants. No defendant a resident of California and many are officials or entities of Arizona state and local government.  Three defendants have moved for dismissal for lack of personal jurisdiction.  Plaintiff has moved for leave to amend his complaint.

    A review of the complaint and the proposed amended complaint shows that there is virtually no connection between Plaintiff's claims and this district, let alone that a "substantial part of the events or omissions giving rise to the claim" occurred in this district.  The only allegations related to this district – other than vague statements to the effect that similar things were occurring in California as were happening in Arizona – are related to alleged acts that happened around 2014 and are not the basis for any of Plaintiff's claims.  This type of background allegations cannot confer venue in this district.

    Dismissal or transfer for lack of venue, *sua sponte*, may be appropriate in these circumstances because the lack of venue is obvious and will cause a massive waste of Defendants' and the Court's resources in preparing and ruling on the inevitable wave of separate personal jurisdiction or venue motions for the 23 defendants.  <u>See</u>

<u>Costlow v. Weeks.</u>, 790 F.2d 1486, 1488 (9th Cir. 1986); see also <u>Stich v. Rehnquist</u>, 982 F.2d 88, 89 (2d Cir. 1992) (sua sponte venue dismissal appropriate under "extraordinary circumstances").[1]

Plaintiff is ordered to show cause, in writing, no later than August 6, 2021 why this case should not be dismissed or transferred for lack of venue.

IT IS SO ORDERED.

Date: July 30, 2021

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

---

[1] While some Defendants may have waived venue by not raising it in their motions, most of the Defendants have not appeared and, therefore, their waiver has not occurred and the issue can be raised *sua sponte*. See <u>Costlow</u>, 790 F.2d at 1488 (waiver of improper venue has not occurred if no responsive pleading or motion has been filed).